JOHN P. KRISTENSEN (SBN 224132)
DAVID L. WEISBERG (SBN 211675)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone: 310-507-7924
Fax: 310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*

BRIAN N. MAZZOLA (PRO HAC VICE PENDING)
**THE MAZZOLA LAW FIRM, PLLC**
505 W. Lucas Drive
Beaumont, Texas 77706
Telephone: 409-898-0690
Fax: 409-898-1394
*bmazzola@mazzolalawfirm.com*

*Attorneys for Plaintiff and all others similarly situated*

## THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE MAIN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>GATEWAY GENOMICS, LLC dba SNEAKPEEK; and DOES 1 through 20, inclusive, and each of them,<br><br>    Defendants. | Case No. **'15CV2945 AJB WVG**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR VIOLATIONS OF:**<br><br>(1) Violations of Cal. *Bus. Prof. Code* §§ 17200, *et* seq. ("UCL");<br>(2) Violations of Cal. *Bus. Prof. Code* §§ 17500, *et* seq. ("FAL");<br>(3) Fraud;<br>(4) Breach of Express Warranty;<br>(5) Breach of Implied Warranty of Merchantability;<br>(6) Breach of Implied Warranty of Fitness for a Particular Purpose; |

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL; DECLARATION OF KRISTINE MAIN

-1-

(7) Unjust Enrichment;

(8) Violations of California Consumer Legal Remedies Act, Cal. *Civ. Code* §§ 1750, *et seq.* ("CLRA"); and

(9) Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. *Bus. & Com. Code* § 17.50.

**DEMAND FOR JURY TRIAL**

**DECLARATION OF KRISTINE MAIN**

Plaintiff Kristine Main ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge, investigation of counsel and published reports:

## NATURE OF THE CASE

1.     Plaintiff brings this action for herself and others consumers nationwide as a class action seeking damages and any other available legal or equitable remedies for consumers who purchased the SneakPeek Early Gender Test.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because defendant GATEWAY GENOMICS, LLC dba SNEAKPEEK ("Defendant" or "SneakPeek") is a limited liability company with its principal place of business in La Jolla, California. Plaintiff is a resident of Ohio and seeks to represent a nationwide class which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

3.      Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) because Defendants do business within the State of California and the County of San Diego. Furthermore, SneakPeek's principal place of business is within the County of San Diego pursuant to the "nerve center" test adopted by the United States Supreme Court in *Hertz Corp.* v. *Friend*, 559 U.S. 77 (2010), so this venue is convenient to the parties and is an appropriate venue for a civil action for damages and injunctive relief.

## PARTIES

4.      Plaintiff, Kristine Main ("Plaintiff"), is a natural person residing in Ohio. At the time of Plaintiff's purchase of the SneakPeek Test, Plaintiff resided in Texas.

5.      Defendant GATEWAY GENOMICS, LLC dba SNEAKPEEK ("Defendant" or "SneakPeek") is a Delaware limited liability corporation with its principal place of business in La Jolla, California.  Plaintiff is informed and believes that SneakPeek does business throughout the State of California, including the County of San Diego. SneakPeek may be served through its registered agent for service of process Incorp Services, Inc., 1201 Orange Street, Suite 600, One Commerce Center, Wilmington, Delaware 19899.

6.      The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.      Plaintiff is informed and believes and thereon alleges that at all

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL; DECLARATION OF KRISTINE MAIN

relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes and thereon alleges that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

8.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

## FACTUAL ALLEGATIONS

9.     Defendant advertises that "SneakPeek is the early detection gender test that has been designed to be taken in the stress free environment of your own home. Within 24 hours of receiving your sample we will identify the gender of your baby. Inside the kit you will find everything you need to collect your sample. Our state of the art lab will process your sample and detect the presence of fetal DNA and determine the gender of your baby with 99% accuracy."

10.     Defendant claims its test utilizes the natural process of shared fetal circulating DNA in the mother and from a drop of blood can determine the baby's gender as early as nine weeks into a pregnancy.  SneakPeek advertises its "Non-Invasive at Home Testing" as follows:



Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

11. Plaintiff purchased the SneakPeek Early Gender Test (the "Test") on February 5, 2015. This was after Plaintiff reviewed and relied on the representations from Defendant's website and marketing materials and the statements that it was 99 percent accurate in determining the gender of a baby. SneakPeek claimed it could make this determination earlier than a sonogram. Plaintiff did not wish to wait for a sonogram in order to know the sex of her unborn child, and was willing to pay $169 for a non-invasive test that could give her the same results as a sonogram before a sonogram could do so. In other fora, Defendants contend the test is 98.8 percent accurate if the child is going to be a boy and 94.8 percent of the time if the unborn child is going to be a girl.

12. The touted ability of the Test to predict the sex of her unborn child prior to a sonogram being able to do so; the ease of obtaining quick results with the Test; and the advertised high accuracy rates of the Test were all material to Plaintiff in purchasing the Test.

13. SneakPeek charged Plaintiff at least $169 for the Fast Track service to learn her baby's gender in under 72 hours.  Defendant also charges $99 for results in five to seven days. The SneakPeek Early Gender Test arrived the following day in El Paso, Texas.

14. Plaintiff was fourteen weeks pregnant at the time of taking the test. SneakPeek claims a woman must be at least nine weeks pregnant at the time of the test.

15. On February 9, 2015, Plaintiff received an email from SneakPeek Team (sneakpeek@sneakpeektest.com) with the subject "Your SneakPeek Results Are In!" The email is below:

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025



14    16.    On July 25, 2015, Plaintiff gave birth to a baby boy.

15    17.    Plaintiff is not the only person to rely on SneakPeek's 99 percent

16  accuracy claim and pay Defendants money for a product that is not anywhere

17  near as accurate as promised.  Consumers are paying upwards of a $100 to find

18  out the gender of their child before a sonogram.  The results are not 99 percent

19  accurate but much closer to a flip of a coin. A sampling of online complaints are

20  below:

21
22  

23    **No Title Available**

24  27 of 30 people found the following review helpful

25  ⭐☆☆☆☆  **STAY FAR FAR AWAY.**, February 21, 2015

26  Sneak peek is a a SCAM! Once you get your results GOOD LUCK getting in

27  touch with them.. It's impossible! Also don't try to write anything on their

28  Facebook page because they will BLOCK you. What's wrong sneak peek?! Truth

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

hurt so you write fake reviews and hide things on Facebook?! They claim 99% accuracy yet can't even manage 60% correct! SCAM SCAM SCAM. Look up the pink or blue gender test this is IDENTICAL! I bought this test when if first came out before others received any confirmations. I wish I didn't purchase because it doesn't ease your mind or even GUESS CORRECTLY. There will be PLENTY of women looking for refunds in August and I'm sure this company will NOT be refunding which wouldn't surprise me. STAY FAR FAR FAR AWAY from this company. You'll have better accuracy peeing on some baking soda.

Also for the "REVIEWER" AKA sneakpeek who said baby center women don't know what they're talking about... Seriously? We all took the test together and are getting REAL BLOODWORK and ultrasound confirmations of your test being WRONG. Can't argue with REAL medical tests.

****

★☆☆☆☆  **they pulled from selling on Amazon months ago because of all the bad reviews. Now it's back with tons of fake ...**, October 22, 2015

This review is from: SneakPeek - Early Gender Prediction DNA Test (Health and Beauty)

I took this test back when it first came on the scene. It told me BOY. I'm currently holding in my hands a baby GIRL. Save your money this test is a JOKE, they pulled from selling on Amazon months ago because of all the bad reviews. Now it's back with tons of fake reviews. SAVE YOUR MONEY IT DOESNT WORK. Also, for such an honest company, why would you BLOCK people on FACEBOOK for expressing their opinions? Junk.

****

*1.0 out of 5 stars*Love the idea but I think it is really more ...

ByAnnaon November 19, 2015

Size: SneakPeek

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Did not give me accurate results. I did everything correctly. Tested at 15 weeks. Got a girl result. Amniocentesis along with ultrasound says boy. You have to send in a copy of birth certificate to get a refund. Love the idea but I think it is really more of a coin flip.

CommentWas this review helpful to you?YesNoReport abuse

****

*1.0 out of 5 stars*incorrect results, not accurate for me.

ByAmazon Customeron November 6, 2015

Size: SneakPeek

Incorrect results. Not accurate for me. Purchased last year and had my baby in August. Sneak peek was wrong

****

ByRachel Hubbardon November 6, 2015

Size: SneakPeek FastTrackVerified Purchase

Told me the wrong gender. Told me I was having a boy and I have a beautiful daughter who is wearing a lot of little boy clothes.

****

ByN. Cooperon October 22, 2015

Size: SneakPeek

I ordered this in January 2015 from Amazon. I took it just like the directions stated and received my results. We were over the moon excited! Then I found a Baby Center group where other women had bought and used the test. Most were a couple of weeks ahead of me and they started getting their results and Sneak Peek was only right 60% of the time. I was floored and felt completely stunned that I paid $99 just for a guess. I left a review on Amazon at that time and eventually SneakPeek shut down Amazon sales. Today I was looking for a baby product and what do I see--Sneak Peek is active on Amazon again! Ladies, please do yourself a favor and just wait the extra 6 weeks (16 weeks) and

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL; DECLARATION OF KRISTINE MAIN

getting a gender determination ultrasound. Do not put yourself through the stress (like I did) of waiting to see if the Sneak Peek guess result is correct.

****

By Kayla on October 22, 2015

Size: SneakPeek

Was told I was having a baby girl according to sneak peek. My 20 weeks ultrasound showed me that I was having a boy. My delivery back in July PROVED MY BABY WAS A BOY!!! so frustrating and I have let to receive my guaranteed refund.

****

Jennifer M. on October 21, 2015

Size: SneakPeek

I bought this test directly from Sneak Peek back in January 2015. I found out about the test on a Babycenter.com forum. I and a bunch of other ladies in the August 2015 Babycenter group took the test and then waited on our ultrasounds to confirm. After tallying our SP results compared to the babies we birthed and SP was just about 60% accurate. All of our ultrasound results were correct, but SP, not so much! The main advantage I got from taking this test was meeting a lot of other super awesome ladies online. We all bonded over being gullible enough to believe this test. So if you have $99 to blow on a 60% chance, go for it - you may meet a group of awesomely gullible ladies like yourself :) We even have a Facebook group called "SP Sucks."

Did you know that SP used to be sold on Amazon prior to now? Nope, because they had to pull the product down because we flooded it with so many negative reviews and video proof of them being wrong. We'll do it again in an effort to save all of you from wasting your money.

****

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1   By Amazon Customer on October 21, 2015

2   Size: SneakPeek

3   Great packaging, cool product, too bad it was incorrect. SneakPeek said I was

4   having a boy, yet I gave birth to a beautiful, healthy baby girl.

5                                    ****

6       On the message boards at community.babycenter.com, there was a group

7   for women expecting in August 2015. Many purchased SneakPeek. The results

8   were not 99 percent accurate. They were closer to 60 percent accurate.

9       20.   Consumers are fooled into believing that the Test scientifically

10  adduces the gender of their unborn babies with 99 percent accuracy, when in fact

11  the Test produces a result akin to the proverbial coin flip. SneakPeek is aware of

12  its Test's inaccuracies.

13      21.   Furthermore, SneakPeek challenges the accuracy of sonograms via

14  its twitter feed:



26                        **CLASS ALLEGATIONS**

27      22.   Plaintiff brings this action pursuant to Rule 23(a) and Rule (b)(3) of

28  the Federal Rules of Civil Procedure, or pursuant to  Rule 23(a) and Rule (b)(2)

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL; DECLARATION OF KRISTINE MAIN**

of the Federal Rules of Civil Procedure and/or other applicable law, on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

> All consumers nationwide who purchased the SneakPeek Early Gender Test. Plaintiff represents, and is a member of the Class, consisting of All persons within the United States who received any telephone call from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

23.    Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

24.    This action is properly maintainable as a class action.  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

25.    **Numerosity**:  The proposed Class is so numerous that individual joinder of all members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

26.    Plaintiff and members of the Class were harmed by the acts of

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

1   Defendant(s) in at least the following ways: Defendant(s) illegally marketed the
2   Test as being 99% accurate causing Plaintiff and Class members to incur certain
3   charges for the Test which Plaintiff and Class members would not have
4   otherwise paid and thus damaging Plaintiff and Class members.

5          27.    **Common Questions of Law and Fact Predominate**: There are
6   only a few legal and factual issues to determine if there is liability for each of
7   those questions of law and fact, common issues to the Class predominate over
8   any questions that may affect individual Class members, in that the claims of all
9   Class members for each of the claims herein can be established with common
10  proof. Common questions of fact and law include, but are not limited to, the
11  following:

12          (a)    Whether the SneakPeek Early Gender Test is 99% accurate in the
13                 real world, as claimed in SneakPeek's marketing;

14          (b)    Whether the SneakPeek Early Gender Test is 99% accurate in the
15                 laboratory, as claimed in SneakPeek's marketing;

16          (c)    Whether the SneakPeek Early Gender Test is based on
17                 significant scientific research, as claimed in SneakPeek's
18                 marketing;

19          (d)    Whether the SneakPeek Early Gender Test can accurately predict
20                 an unborn baby's gender within nine weeks of conception, as
21                 claimed in SneakPeek's marketing;

22          (e)    Whether Defendant is liable as a result;

23          (f)    The nature and extent of restitution and/or damages and other
24                 remedies to which the conduct of SneakPeek entitles the Class;
25                 and

26          (g)    Whether the Defendant(s) should be enjoined from engaging in
27                 such conduct in the future.

28          28.    **Typicality**: Plaintiff's claims are typical of the claims of members

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL; DECLARATION OF KRISTINE MAIN

of the Class, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all Class members.  The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

29.    **Adequacy of Representation**:  Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

30.    **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings.  In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class.  The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

31.    Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

32.     Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct.  Defendant(s) have acted, or refused to act, in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. *BUS. & PROF. CODE* §§ 17200, *ET SEQ.*)

**(Against All Defendants)**

33.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

34.     California's Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

35.     Defendant violated and continues to violate the UCL through one or more of the following unlawful practices:

(a)     Violating the California False Advertising Law, Cal. *Bus & Prof. Code* §§ 17500, *et seq.*, by disseminating or causing to be disseminated untrue of misleading advertising;

(b)     Violating the California Consumer Legal Remedies Act ("CLRA"), Cal. *Civ. Code* §§ 1750, *et seq.*, by representing that the Test has characteristics and benefits that it does not have, representing that the Test is of a particular standard when it is not and by advertising the Test with an intent not to sell it as advertised. disseminating or causing to be disseminated untrue of misleading advertising;

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1    (c)    Committing common law fraud;

2    (d)    Violating the other statutes and common law causes of action as

3    alleged in the instant Complaint.

4    36.    Defendant also violated and continues to violate the UCL through

5    one or more of the following unfair and/or fraudulent practices:

6    (a)    Selling to Plaintiff and Class members a product not suited for its

7    advertised use; and

8    (b)    Failing to disclose to Plaintiff and Class members that the Tests

9    sold do not perform at the advertised accuracy rate.

10    37.    Plaintiff relied on Defendant's conduct to her detriment. As set forth

11    above, Plaintiff visited Sneakpeek's website prior to purchasing the Test and

12    relied upon Sneakpeek's representations regarding the high accuracy rates of the

13    Test and the ability of the Test to predict the sex of unborn children as early as

14    nine weeks into the pregnancy, prior to a sonogram being able to do so, through a

15    simple non-invasive blood test. These representations were material to Plaintiff,

16    and she relied on them to her detriment in purchasing the Test. Plaintiff also

17    relied on similar representations regarding the ability of the Test to predict the

18    gender of unborn children on the Test's packaging.

19    38.    As a direct and proximate result of Defendant's unlawful, unfair,

20    and fraudulent business practices, Plaintiff and the members of the Class have

21    suffered injury and have lost money or property.

22    39.    Plaintiff respectfully requests that the Court require Defendant to

23    provide restitution to Plaintiff and Class members, award Plaintiff and Class

24    members reasonable attorneys' fees and expenses, and award such other relief as

25    the Court may deem just and proper.

26    40.    The unlawful, unfair, and fraudulent business practices described

27    herein present a continuing threat to members of the Class and members of the

28    general public in that Defendant continues to engage in these practices, and will

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL; DECLARATION OF KRISTINE MAIN**

not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to the Subclass unless enjoined.

## SECOND CAUSE OF ACTION

### (VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW, CAL. *BUS. & PROF. CODE* §§ 17500, *ET SEQ.*)

### (Against All Defendants)

41.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

42.     California's False Advertising Law, Cal. *Bus. & Prof. Code* §§ 17500, *et seq*. ("FAL"), provides that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

43.     Defendant's representations, including statements made on Defendant's website, packaging, and all other written and oral materials disseminated by Defendant to promote its Test, constitute advertising for purposes of this cause of action.

44.     Such advertising contained statements which were false, misleading, or which omitted material information which Defendant was under a duty to disclose and which were known or should have been known to Defendant to be false, misleading, or deceptive.

45.     Plaintiff relied on Defendant's conduct to her detriment. As set forth

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

above, Plaintiff visited SneakPeek's website prior to purchasing the Test and relied upon SneakPeek's representations regarding the high accuracy rates of the Test and the ability of the Test to predict the sex of unborn children as early as nine weeks into the pregnancy, prior to a sonogram being able to do so, through a simple non-invasive blood test. These representations were material to Plaintiff, and she relied on them to her detriment in purchasing the Test. Plaintiff also relied on similar representations regarding the ability of the Test to predict the gender of unborn children on the Test's packaging.

46. As a direct and proximate result of Defendant's misleading advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money or property.

47. The misleading advertising described herein presents a continuing threat to the Class and members of the public in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to the Subclass unless enjoined or restrained.

### THIRD CAUSE OF ACTION

### (FRAUD)

### (Against All Defendants)

48. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

49. Defendant made the following material representations to Plaintiff and Class members in writing: that the Test was 99% accurate. Defendant made these representations on its website and in other marketing materials. The representations to Plaintiff were similar or identical as those made to other Class members.

50. Plaintiff and Class members relied on the representations to

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

discover the gender of their unborn children before sonograms (and before the advertised 10 week time for SneakPeek).

51.    The foregoing representations were false. In truth, Defendant's Test is not 99% accurate, and is much closer to the 50% of the proverbial coin flip. SneakPeek knew at the time the statements were false. The representations were made to Plaintiff and Class members with the intent to entice them to purchase SneakPeek's Test in reliance on the statements.

52.    Plaintiff and plaintiff Class members were ignorant of the falsity of Defendant's representations at the time they were made and at the time Plaintiff and plaintiff Class members purchased their Tests, and believed them to be true. As set forth above, Plaintiff visited SneakPeek's website prior to purchasing the Test and reasonably relied upon SneakPeek's representations regarding the high accuracy rates of the Test and the ability of the Test to predict the sex of unborn children as early as nine weeks into the pregnancy, prior to a sonogram being able to do so, through a simple non-invasive blood test. These representations were material to Plaintiff, and she reasonably relied on them to her detriment in purchasing the Test. Plaintiff also relied on similar representations regarding the ability of the Test to predict the gender of unborn children on the Test's packaging.

53.    In reliance on these representations, Plaintiff and plaintiff Class members were induced to and did purchase the Tests to their detriment. Had Plaintiff and plaintiff Class members known the true facts, they would not have taken such action. Plaintiff's and plaintiff Class members' reliance on Defendant's representations was justified because Defendant was the one offering the Test for sale, and possessed superior knowledge of the facts, as they were peculiarly within the knowledge of Defendant.

54.    Defendant made substantially the same representations to all plaintiff Class members who purchased the Tests. Because the representations

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

were material, reliance and justification for the reliance may be inferred or presumed on a class-wide basis for Plaintiff and all plaintiff Class members.

55.     As a result of Defendant's fraudulent conduct as alleged above, Plaintiff and plaintiff Class members have suffered damages.

56.     The foregoing conduct of Defendant (i) constituted an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendant with the intention on the part of Defendant of thereby depriving Plaintiff and plaintiff Class members of property or legal rights or otherwise causing Plaintiff and plaintiff Class members injury; (ii) was intended by Defendant to cause injury to Plaintiff and plaintiff Class members or was despicable conduct that was carried on by Defendant with a willful and conscious disregard of the rights or safety of others; and/or (iii) was despicable conduct that subjected Plaintiff and plaintiff Class members to cruel and unjust hardship in conscious disregard of Plaintiff's and plaintiff Class members' rights so as to justify an award of punitive damages against Defendant.

57.     Plaintiff brings this cause of action on behalf of the nationwide Class under California law.

## FOURTH CAUSE OF ACTION

### (BREACH OF EXPRESS WARRANTY)

### (Against All Defendants)

58.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

59.     SneakPeek made a promise to Plaintiff and the Plaintiff Class Members that the Tests were 99 percent accurate.

60.     The Tests were not 99 percent accurate.

61.     Plaintiff and the plaintiff Class Members took reasonable steps to notify SneakPeek within a reasonable time that the Test was not as represented,

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1   whether or not SneakPeek received such notice.

2       62.    Plaintiff and Class members were harmed as a result and the failure

3   of the Test's accuracy, which was what was purchased, was a substantial factor

4   in causing Plaintiff and the plaintiff Class Members' harm.

## FIFTH CAUSE OF ACTION

### (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

### (Against All Defendants)

8       63.    Plaintiff hereby incorporates by reference and re-alleges each and

9   every allegation set forth in each and every preceding paragraph of this

10   Complaint, as though fully set forth herein.

11       64.    Defendant impliedly warrants that its Tests are fit for the ordinary

12   purpose for which they are sold.

13       65.    The ordinary purpose for which Defendant's Tests are sold is to

14   provide purchasers with a prediction of the gender of their unborn children that is

15   greater than 99% accurate.

16       66.    Defendant breached its implied warranty of merchantability by

17   selling Tests which were so defective as to render them less accurate than

18   advertised and provide no better predictions than pure 50/50 chance.

19       67.    Plaintiff, and every member of the Class alleged herein have been

20   similarly damaged as a result of this breach of warranty.

21       68.    Plaintiff brings this cause of action on behalf of the nationwide

22   Class under California law.

## SIXTH CAUSE OF ACTION

### (BREACH OF IMPLIED WARRANTY OF FITNESS)

### (Against All Defendants)

26       69.    Plaintiff hereby incorporates by reference and re-alleges each and

27   every allegation set forth in each and every preceding paragraph of this

28   Complaint, as though fully set forth herein.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL; DECLARATION OF KRISTINE MAIN**

70.     SneakPeek is, and at all relevant times has been, in the business of designing, manufacturing, distributing, and selling gender prediction tests.

71.     SneakPeek knew that consumers who purchased its Tests relied upon Defendant's expertise and skill, judgment and knowledge in furnishing tests which were capable of predicting the gender of their unborn children with a 99% accuracy rate.

72.     SneakPeek's Tests are not fit for that purpose in that their design or manufacture is so defective as to render them less accurate than advertised and provide no better predictions than pure 50/50 chance.

73.     Plaintiff, and every member of the Class alleged herein, have been similarly damaged as a result of this breach of warranty.

74.     Plaintiff brings this cause of action on behalf of the nationwide Class under California law.

### SEVENTH CAUSE OF ACTION

#### (UNJUST ENRICHMENT)

#### (Against All Defendants)

75.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

76.     Defendant has received a benefit at the expense of Plaintiff and plaintiff Class members.

77.     Defendant improperly obtained money from Plaintiff and plaintiff Class members as a result of their purchases of the Test despite not providing a product up to the promised standards. No substantial justification exists for Defendant's conduct. Accordingly, Defendant has received a benefit and has unjustly retained this benefit at the expense of Plaintiff and the plaintiff Class.

78.     As a direct and proximate result of Defendant's misconduct, Plaintiff and plaintiff Class members have paid money for goods not provided

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1   and thereby entitled to restoration of their monies.

2   79.   Plaintiff brings this cause of action on behalf of the nationwide

3   Class under California law.

### EIGHTH CAUSE OF ACTION

4

5   (VIOLATION OF CAL. CIVIL CODE §§ 1750, *ET SEQ.*,

6   CALIFORNIA LEGAL REMEDIES ACT)

7   **(Against All Defendants)**

8   80.   Plaintiff hereby incorporates by reference and re-alleges each and

9   every allegation set forth in each and every preceding paragraph of this

10   Complaint, as though fully set forth herein.

11   81.   This cause of action is brought pursuant to the Consumers Legal

12   Remedies Act, Cal. *Civ. Code* §§ 1750, *et seq.* (the "CLRA").

13   82.   The CLRA applies to Defendant's actions and conduct described

14   herein because it extends to transactions that are intended to result, or which have

15   resulted, in the sale or lease of goods or services to consumers.

16   83.   Plaintiff and members of the Class are "consumers" within the

17   meaning of Cal. *Civ. Code* § 1761(d).

18   84.   The Tests that Plaintiff and each member of the Class purchased are

19   "goods" within the meaning of Cal. *Civ. Code* § 1761(a).

20   85.   Defendant has violated, and continues to violate, the CLRA in at

21   least the following respects:

22   (a)   in violation of Cal. *Civ. Code* § 1770(a)(5), Defendant has

23   represented that the Test has characteristics and benefits that it

24   does not have;

25   (b)   in violation of Cal. *Civ. Code* § 1770(a)(7), Defendant has

26   represented that the Test is of a particular standard when it is not;

27   and

28   (c)   in violation of Cal. *Civ. Code* § 1770(a)(9), Defendant has

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

advertised the Test with an intent not to sell it as advertised.

86.     Plaintiff relied on Defendant's conduct to her detriment. As set forth above, Plaintiff visited SneakPeek's website prior to purchasing the Test and relied upon SneakPeek's representations regarding the high accuracy rates of the Test and the ability of the Test to predict the sex of unborn children as early as nine weeks into the pregnancy, prior to a sonogram being able to do so, through a simple non-invasive blood test. These representations were material to Plaintiff, and she relied on them to her detriment in purchasing the Test. Plaintiff also relied on similar representations regarding the ability of the Test to predict the gender of unborn children on the Test's packaging.

87.     Plaintiff requests that this Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged above, pursuant to Cal. *Civ. Code* § 1780(a)(2). Unless Defendant is permanently enjoined from continuing to engage in such violation of the CLRA, future consumers of Defendant's Tests will be damaged by Defendant's acts and practices in the same way as have Plaintiff and members of the Class.

88.     Plaintiff and members of the Class are not seeking damages for this claim at this time. Plaintiff and members of the Class will seek damages pursuant to Cal. *Civ. Code* § 1782 if Defendant does not correct, repair, replace or otherwise rectify the deceptive practices complaint of herein within 30 days from notice.

## NINTH CAUSE OF ACTION

### (VIOLATION OF TEXAS BUSINESS & COMMERCE CODE §§ 17.50, *ET SEQ.*)

### (Against All Defendants)

89.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

90.     Tex. *Bus. & Com. Code* § 17.50 is part of Texas' Deceptive Trade

1   Practices-Consumer Protection Act ("DTPA") and provides in relevant part:

2       (a)    A consumer may maintain an action where any of the following

3           constitute a producing cause of economic damages or damages

4           for mental anguish:

5         (1)  the use or employment by any person of a false, misleading or

6            deceptive act or practice that is:

7             (A)    specifically enumerated in a subdivision of

8             Subsection (b) of Section 17.46 of this subchapter; and

9             (B)    relied on by a consumer to the consumer's

10            detriment;

11           . . .

12        (2)  breach of an express or implied warranty; [or]

13        (3)  any unconscionable action or course of action by any

14          person…

15      91.    In doing the acts alleged above, Defendant breached implied

16  warranties, in violation of Tex. *Bus. & Com. Code* § 17.50(a)(2).

17      92.    In doing the acts alleged above, Defendant also engaged in an

18  unconscionable action or course of action, in violation of Tex. *Bus. & Com. Code*

19  § 17.50(a)(3). Specifically, Defendant engaged in acts or practices which, to

20  Plaintiff's and plaintiff Class members' detriment, took advantage of the lack of

21  knowledge, ability, experience or capacity of Plaintiff and plaintiff Class

22  members to a grossly unfair degree. Defendant's unconscionable actions and

23  courses of action include but are not limited to, the following, which is set forth

24  more fully above: Defendant misrepresented and deceived customers into

25  believing they would receive a highly accurate gender prediction test when in

26  fact they were purchasing a product with no better predictive accuracy than pure

27  chance.

28      93.    Defendant knew at the time that it made its representations and

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

omissions that they were false. Nevertheless, it took advantage of Plaintiff's and plaintiff Class members' lack of knowledge by aggressively marketing its Tests and inducing Plaintiff and plaintiff Class members to purchase them.

94.     Defendant also engaged in an unconscionable action or course of action by engaging in acts or practices which, to Plaintiff's and plaintiff Class members' detriment, resulted in a gross disparity between the value received and the consideration paid for the Tests, since Defendant represented that the Tests were approximately 99% accurate but, in truth, the Tests had no better predictive accuracy than pure chance, and were therefore worthless, despite the consideration paid.

95.     In doing the acts alleged above, Defendant also engaged in the following acts set forth in Tex. *Bus. & Com. Code* § section 17.46, among others, which provides in pertinent part:

(b)     False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful

. . .

(c)     Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts: …

(5)   representing that goods or services have …characteristics, … [or] benefits … which they do not have…;

(7)   representing that goods or services are of a particular standard, quality, or grade … if they are of another; …

(9)   advertising goods or services with intent not to sell them as advertised;…

(24)  failing to  disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

consumer into a transaction into which the consumer would not have entered had the information been disclosed.

96.     Plaintiff and plaintiff Class members relied on Defendant's conduct to their detriment. As set forth above, Plaintiff visited SneakPeek's website prior to purchasing the Test and relied upon SneakPeek's representation regarding the high accuracy rates of the Test and the ability of the Test to predict the sex of unborn children as early as nine weeks into the pregnancy, prior to a sonogram being able to do so, through a simple non-invasive blood test. These representations were material to Plaintiff, and she relied on them to her detriment in purchasing the Test. Plaintiff also relied on similar representations regarding the ability.

97.     Plaintiff and plaintiff Class members have sustained "economic damages" as defined in the DTPA as a result of Defendant's violations of the DTPA.

98.     Defendant's conduct was committed "knowingly" as that term is defined in section 17.45(9) in that Defendant had actual awareness at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to Plaintiff's and plaintiff Class members' claims, or, with respect to Defendant's breach of implied warranty, Defendant had an actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty.

99.     Defendant's conduct was committed "intentionally" as that term is defined in section 17.45(13) in that Defendant had an actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure constituting a breach of warranty giving rise to the Plaintiff's and plaintiff Class members' claims, coupled with the specific intent that the Plaintiff and plaintiff Class members act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

1   100.   Plaintiff and plaintiff Class members are entitled to three times the

2   amount of their economic damages pursuant to Tex. *Bus. & Com. Code*

3   17.50(b)(1).

4   101.   Plaintiff and plaintiff Class members are entitled to injunctive and

5   other appropriate relief as a result of Defendant's violation of Tex. *Bus. & Com.*

6   *Code* § 17.50, including without limitation, an order for restitution, attorneys'

7   fees and costs.

8   102.   Plaintiff and plaintiff Class members are entitled to three times the

9   amount of their economic damages pursuant to Tex. *Bus. & Com. Code* §

10   17.50(b)(1).

11   103.   Plaintiff and plaintiff Class members are entitled to injunctive and

12   other appropriate relief as a result of Defendant's violation of Tex. *Bus. & Com.*

13   *Code* § 17.50, including without limitation, an order for restitution, attorneys'

14   fees and costs.

15   ## PRAYER FOR RELIEF

16   WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for

17   relief and judgment as follows:

18   1.   An order certifying this action as a class action and appointing

19   Plaintiff and his counsel to represent the Class;

20   2.   For compensatory damages as to all causes of action where

21   compensatory damages are available;

22   3.   For restitution as to all causes of action where restitution is

23   available;

24   4.   For disgorgement of all wrongfully obtained compensation as to all

25   causes of action where disgorgement is available;

26   5.   For preliminary and permanent injunctive relief prohibiting

27   Defendant from continuing the wrongful practices alleged herein;

28   6.   For exemplary damages as to all causes of action where exemplary

*Kristensen Weisberg, LLP*
*12304 Santa Monica Blvd., Suite 100*
*Los Angeles, California 90025*

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL; DECLARATION OF KRISTINE MAIN**

damages are available;

      7.      For reasonable costs and attorneys' fees as permitted by law; and

      8.      For such other relief that the Court deems just and proper.

Dated:  December 16, 2015        Respectfully submitted,

            By:  */s/ John P. Kristensen*

          John P. Kristensen (SBN 224132)
          *john@kristensenlaw.com*
          David L. Weisberg (SBN 211675)
          *david@kristensenlaw.com*
          **KRISTENSEN WEISBERG, LLP**
          12304 Santa Monica Blvd., Suite 100
          Los Angeles, California 90025
          Telephone:  (310) 507-7924
          Fax:  (310) 507-7906

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated:  December 16, 2015          Respectfully submitted,

                                    By:  */s/ John P. Kristensen*

                                    John P. Kristensen (SBN 224132)
                                    *john@kristensenlaw.com*
                                    David L. Weisberg (SBN 211675)
                                    *david@kristensenlaw.com*
                                    **KRISTENSEN WEISBERG, LLP**
                                    12304 Santa Monica Blvd., Suite 100
                                    Los Angeles, California 90025
                                    Telephone:  (310) 507-7924
                                    Fax:  (310) 507-7906

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

## DECLARATION OF KRISTINE MAIN

### PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)

I, Kristine Main, declare as follows:

1.     I submit this declaration pursuant to Section 1780(d) of the *Consumer Legal Remedies Act* (Cal. *Civ. Code* §§ 1750, *et seq.*). I have personal knowledge of the matters set forth below and if called as a witness, I could and would be competent to testify thereto.

2.     At all relevant times, I have been a resident of Texas and Ohio. It is my understanding that Defendant GATEWAY GENOMICS, LLC dba SNEAKPEEK ("Defendant" or "SneakPeek") is a Delaware limited liability corporation with its principal place of business and nerve center in La Jolla within San Diego County and conducts business out of California.

3.     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 16, 2015 in Ohio.

Kristine Main

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025