UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA AZAR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GATEWAY GENOMICS, LLC dba SNEAKPEEK; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 15cv2945 AJB (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS; AND** (Doc. No. 34)<br><br>**(2) DENYING DEFENDANT'S MOTION TO STRIKE.** |

This matter comes before the Court on Defendant Gateway Genomics, LLC's ("Defendant") motion to dismiss and motion to strike Plaintiff Jessica Azar's[1] ("Plaintiff") second amended complaint ("SAC"). (Doc. No. 34.) Plaintiff opposes the motion. (Doc. No. 37.) Having reviewed the parties' arguments and controlling legal authority and pursuant to Civil Local Rule 7.1.d.1., the Court finds the matter suitable for decision on the papers and without oral argument. For the reasons set forth more fully below, the Court **DENIES** Defendant's motion to strike Plaintiff's class definition and **GRANTS**

---

[1] The initial Plaintiff in the instant matter was Kristine Main ("Ms. Main"), a resident of Ohio. (Doc. No. 21 ¶ 2.) However, as of August 1, 2016, Ms. Main is no longer a Plaintiff in this lawsuit. (*Id.*)

1

Defendant's motion to dismiss.

## I. BACKGROUND

The following facts are taken from the SAC and construed as true for the limited purpose of resolving the pending motion. *See Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).

Defendant is a Delaware limited liability company with its principal place of business in La Jolla, California. (Doc. No. 21 ¶ 5.) One of Defendant's products is "SneakPeek," which is an early detection gender test that sells for $99.00. (*Id.* ¶¶ 9, 12.) Defendant advertises SneakPeek alleging that from a drop of blood, SneakPeek can detect a baby's gender with 99% accuracy from as early as nine weeks into a woman's pregnancy. (*Id.* ¶ 10.)

Based on Defendant's marketing materials, website, and claims that it could detect a baby's gender earlier than a sonogram and with 99% accuracy, Plaintiff purchased SneakPeek on December 9, 2015. (*Id.* ¶ 11.) At the time Plaintiff took the test, she was approximately fourteen weeks pregnant. (*Id.* ¶ 13.) On December 17, 2015, Plaintiff received an email from Defendant stating that she would be giving birth to a baby boy. (*Id.* ¶ 14.) However, on February 1, 2016, following a sonogram, Plaintiff's doctor informed her that she was pregnant with a baby girl. (*Id.* ¶ 15.) On June 10, 2016, Plaintiff gave birth to a baby girl. (*Id.* ¶ 16.)

Plaintiff alleges that she is not the only one to have received a false test result. In support of this allegation, Plaintiff provides nine online consumer complaints that refer to SneakPeek as a "Scam," allege that SneakPeek is around 60% accurate, and contend that SneakPeek is aware of its test's inaccuracies. (*Id.* at 7-10.) Plaintiff asserts that SneakPeek's reliability is more akin to a "proverbial coin flip." (*Id.* ¶ 20.)

## II. PROCEDURAL BACKGROUND

On December 29, 2015, Ms. Main filed a complaint. (Doc. No. 1.) On February 1, 2016, Plaintiff and Ms. Main filed an amended complaint. (Doc. No. 7.) On April 22, 2016, Defendant filed a motion to dismiss for lack of jurisdiction, motion to dismiss for failure

to state a claim, and a motion to enforce arbitration. (Doc. No. 12.) On August 1, 2016, the Court granted in part Defendant's motion to dismiss for lack of standing, dismissed Ms. Main's claim for lack of standing, dismissed Plaintiff's claim for injunctive relief, denied Defendant's request to compel arbitration, and granted in part and denied in part Defendant's motion to dismiss for failure to state a claim. (Doc. No. 20 at 32.)

On September 30, 2016, Plaintiff filed her SAC. (Doc. No. 21.) Plaintiff brings the action on behalf of herself and others similarly situated claiming violations of: (1) the California Unfair Competition Law ("UCL"); (2) the California False Advertising Law ("FAL"); (3) Fraud; (4) Breach of Express Warranty; (5) Breach of Implied Warranty of Merchantability; (6) Breach of Implied Warranty of Fitness; (7) Unjust Enrichment; and (8) California Civil Code §§1750 ("CLRA"). (*Id.* at 14-24.) On October 14, 2016, the parties filed a joint motion to stay the case pending settlement discussions, (Doc. No. 23), which was granted on the same day. (Doc. No. 24.) On December 12, 2016, both parties filed a joint statement informing the Court that the matter had not settled. (Doc. No. 31 at 2.) On February 6, 2017, Defendant filed the instant motion, its motion to dismiss and to strike Plaintiff's SAC. (Doc. No. 34.)

### III. LEGAL STANDARD

#### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir. 1996) (citations omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all

reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983).

### B. Motion to Strike

Under Rule 12 of the Federal Rules of Civil Procedure, on its own or by motion, the court may strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The Court must view the pleadings in the light most favorable to the non-moving party, and the information will not be stricken unless it is evident that is has no bearing on the subject matter of the litigation. *Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) (citation omitted).

## IV. DISCUSSION

### A. Plaintiff's Class Definition

As an initial matter, Defendant contends that Plaintiff's class definition is overbroad and should thus be stricken under Federal Rule of Civil Procedure ("FRCP") 12(f). (Doc. No. 34-1 at 11.) In opposition, Plaintiff claims that Defendant's motion is inappropriate at this time as Plaintiff has not brought a motion for class certification. (Doc. No. 37 at 11.)

While the Court appreciates the ample briefing provided by both parties on this issue, the Court agrees with Plaintiff and finds Defendant's motion to strike Plaintiff's class

4

allegation to be premature. Generally, courts review class allegations through a motion for class certification. *See Moreno v. Baca*, No. CV007149ABCCWX, 2000 WL 33356835, at *2 (C.D. Cal. Oct. 13, 2000) (finding defendants' motion to strike the class allegation as premature because no motion for class certification was before the court); *see also In re NVIDIA GPU Litig.*, No. C 08-04312 JW, 2009 WL 4020104, at *13 (N.D. Cal. Nov. 19, 2009) ("A determination of the ascertainability and manageability of the putative class in light of the class allegations is best addressed at the class certification stage of litigation."); *In re Jamster Mktg. Litig.*, No. 05CV0819 JM (CAB), 2009 WL 1456632, at *7 (S.D. Cal. May 22, 2009). Accordingly, at this point in the litigation, the Court is not prepared to rule on the propriety of Plaintiff's class allegations. Consequently, Defendant's motion to strike the class allegations is **DENIED**, but **WITHOUT PREJUDICE** as to Defendant's ability to move to strike or dismiss the class allegations if and when class certification is sought.

B. <u>Defendant's Motion to Dismiss</u>

Defendant contends that all of Plaintiff's claims are incurably deficient and must be dismissed with prejudice. (Doc. No. 34-1 at 7, 29.) Specifically, Defendant argues that Plaintiff's nationwide class action asserting only state consumer protection laws should be dismissed pursuant to the Ninth Circuit's holding in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). (*Id.*) In opposition, Plaintiff argues that each of her causes of action are adequately pled, and that Defendant has not met its burden in proving that Plaintiff's nationwide claims under California state law should be dismissed. (Doc. No. 37 at 18-30.)

i. *<u>Plaintiff's Nationwide Claims under Mazza</u>*

Applying the Ninth Circuit Court of Appeals' holding in *Mazza*, Defendant contends that Plaintiff's UCL, FAL, and CLRA claims should be dismissed, because those claims should be governed by the consumer protection laws of the jurisdiction in which the transaction took place. (Doc. No. 34-1 at 18.) Plaintiff retorts and argues that *Mazza* is inapplicable to the present matter as the court in *Mazza* was resolving a motion for class certification. (Doc. No. 37 at 21.)

The Court first notes that courts within this district have declined to apply the type of choice of law analysis proscribed in *Mazza* at the pleading stage, and instead have deferred the issue until class certification. *See e.g., Doe v. Successfulmatch.com*, No. 13-cv-03376-LHK, 2014 WL 1494347, at *7 (N.D. Cal. Apr. 16, 2014); *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 572 (N.D. Cal. 2013); *In re iPhone 4S Consumer Litig.*, No. C 1201127, 2013 WL 3829653, at *8–9 (N.D. Cal. July 23, 2013). In coming to this conclusion, these courts have reasoned that the choice of law analysis is a fact-specific inquiry, which requires a more developed factual record than is available at the motion to dismiss stage.

On the other hand, other cases decided in this district disagree and found that although *Mazza* was decided at the class certification stage, "the principle articulated in *Mazza* applies generally and is instructive even when addressing a motion to dismiss." *Frezza v. Google Inc.*, No. 5:12-cv-00237-RMW, 2013 WL 1736788, at *6 (N.D. Cal. Apr. 22, 2013). Moreover, courts have held that even at the pleading stage, *Mazza* is "not only relevant but controlling . . . ." *Id.* at 5. Thus, California district courts have applied *Mazza* at the motion to dismiss stage. *See Granfield v. NVIDIA Corp.*, No. C 11-05403-JW, 2012 WL 2847575, at *3 (N.D. Cal. July 11, 2012).

In light of the legal principles established in *Mazza*, the Court agrees that *Mazza* can be applied at the motion to dismiss stage. However, in the circumstances of this case, the Court concludes that it is appropriate to delay the Court's analysis of the choice of law issue until Plaintiff files a motion for class certification. First, the Court notes that there exist factual differences between *Mazza* and Plaintiff's Complaint that preclude the Court from applying *Mazza*'s fact specific inquiry in the present motion.[2] For example, the Court highlights that the transaction that caused the alleged injury in *Mazza*, (i.e., the lease or purchase of a Honda automobile), did not occur in California for the majority of the class

---

[2] Defendant argues that because *Mazza* encompasses the same claims Plaintiff asserts in her SAC that *Mazza* is controlling authority and Defendant need not provide an analysis demonstrating that California consumer laws differ from other states. (Doc. No. 38 at 9.)

6

members. *Mazza*, 666 F.3d at 590. Additionally, the plaintiffs purchased their vehicles in Orlando, Florida, and Gaithersburg, Maryland. *Id.* at 587. In comparison, Plaintiff purchased SneakPeek while in California, lives in California, and the resulting alleged injury happened in California. (Doc. No. 21 ¶¶ 4-5, 11.) Second, the Court does not find that this case is so clear that deferring a choice of law analysis until class certification would be unconstructive. *See Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1008 (N.D. Cal. 2014) (holding that deferring choice of law issues until class certification is unwarranted in cases where the plaintiff in the case is a <u>nonresident</u> who <u>did not purchase</u> the defendant's product in California) (emphasis added).

Furthermore, the Court finds the case law cited by Defendant to be inapplicable to the present matter. For instance, in *Route v. Mead Johnson Nutrition Co.*, No. CV 12-7350-GW (JEMx), 2013 WL 658251, at *8–9 (C.D. Cal. Feb. 21, 2013), defendant's request to strike plaintiff's request for certification of a nationwide class was granted because California had no connection to the case other than its interest in product sales. Accordingly, the court held that deferring the choice of law issue until the motion for certification would be a waste of judicial resources as the Court could not see how plaintiff could ever demonstrate that California's choice of law rules as set forth in *Mazza* could be certified in California. *Id.* at *9. In comparison, the instant case has significant ties to California, as the product was purchased in California, and Plaintiff is a resident of California. (Doc. No. 21 ¶¶ 4-5, 11.) Moreover, in *Horvath v. L.G Elec. Mobilecomm U.S.A., Inc.*, No. 3:11-CV-01576-H-RBB, 2012 WL 2861160, at *3 (S.D. Cal. Feb. 13, 2012), the court only dismissed claims of the named plaintiffs that were nonresidents of California.

Ultimately, the Court finds that a choice of law analysis must be conducted on a case by case basis that requires "analyzing various states' laws under the circumstances of the particular case and given the particular [legal] issue in question." *See Bruno v. Eckhart Corp.*, 280 F.R.D. 540, 545 (C.D. Cal. 2012). Accordingly, the Court is unable to determine at this stage whether California's choice of law rules apply to bar all, some, or none of

7

Plaintiff's claims. *See Forcellati v. Hyland's Inc.*, 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012) (concluding that *Mazza* did not purport to create a bright line rule that nationwide classes are "as a matter of law, uncertifiable under California's consumer protection laws."). Consequently, Defendant's motion to dismiss Plaintiff's nationwide claims under California Consumer State Law is **DENIED**.

### ii. *Plaintiff's Claims under UCL, FAL, and CLRA*

Defendant also argues that Plaintiff's UCL, FAL, and CLRA claims fail pursuant to FRCP 8[3], as Plaintiff's use of nine online consumer complaints does not adequately support her allegations. (Doc. No. 34-1 at 23.) In opposition, Plaintiff argues that the consumer complaints are sufficient evidence that Defendant knew or should have known that it was presenting false, misleading, or omitted material on the reliability of the SneakPeek test. (Doc. No. 37 at 25.)

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices in transaction for the sale or lease of goods to consumers." Cal. Civ. Code § 1770(a). California's FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus & Prof. Code 17500. California's UCL provides a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Cal. Bus. & Prof. Code §§ 17200, *et seq*.

Plaintiff predicates her UCL, FAL, and CLRA claims on the allegation that Defendant's knew that SneakPeek was not 99% effective in determining a baby's gender. (Doc. No. 21 ¶¶ 35, 44, 85.) However, the shortcomings of this contention are twofold. First, the Court finds that Plaintiff does not allege where the online complaints were made. Thus, the Court is unable to determine if Defendant's had notice of the complaints. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1148 (9th Cir. 2012) (rejecting plaintiff's

---

[3] FRCP 8 states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

8

use of customer complaints as they did not indicate how the complaints were made; thus there was no factual basis to conclude that the manufacturer had knowledge of a defect.) Second, and most detrimental to Plaintiff is that some courts have expressed doubt that customer complaints by themselves can adequately support an inference that a manufacturer was aware of a defect. *Id.* at 1147; *see Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2011 WL 317650, at *3 (N.D. Cal. Jan. 28, 2011) ("Awareness of a few customer complaints, however, does not establish knowledge of an alleged defect."). For this reason, the Court concludes that at best the nine online customer complaints merely allege that some consumers were complaining, but do not by themselves impute knowledge on Defendant.

Thus, the Court turns to the rest of Plaintiff's allegations to determine if Plaintiff has sufficiently asserted violations of the UCL, FAL, and CLRA. As currently pled, Plaintiff's SAC in congruence with the nine online customer complaints does not adequately plead how and why Defendant knew that SneakPeek was false, misleading, or deceptive. Plaintiff repeatedly argues that the result of the test is not 99% accurate, but is much closer to a flip of a coin. (Doc. No. 21 ¶ 17.) Plaintiff's SAC then generically repeats the standard of law for each cause of action. (*Id.* ¶¶ 35-36, 42, 82-85.) However, without more, Plaintiff's bare legal assertions are only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Iqbal*, 556 U.S. at 678. Moreover, without an underlying factual premise that would justify Plaintiff's alleged factual conclusion that SneakPeek is not 99% accurate and that Defendant was aware of this, the SAC fails to assert nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Additionally, Plaintiff's UCL, FAL, and CLRA claims sound in fraud, and are therefore subject to the heightened pleading standard under FRCP 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL). FRCP 9(b) requires that the facts constituting the fraud be pled with specificity. Conclusory allegations

9

are insufficient. *See* Fed. R. Civ. P. 9(b); *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer to the allegations.").

Drawing all inferences in Plaintiff's favor, the Court is unable to conclude that Plaintiff has sufficiently pled her claims for violations of the UCL, FAL, and CLRA pursuant to FRCP 9(b). Plaintiff's SAC succinctly alleges that Defendant represented that the SneakPeek test had characteristics and benefits that it did not have. (Doc. No. 21 ¶ 35.) Plaintiff then tersely contends that Defendant knew or should have known that Defendant's advertising was false, misleading, or deceptive. (*Id.* ¶ 44.) The Court notes that FRCP 9(b) "does not require nor make legitimate the pleading of detailed evidentiary matter." *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973). However, Plaintiff still must allege the circumstances constituting the fraud, or the time, place, and specific content of the false representations. As currently pled, Plaintiff's SAC and its limited allegations fails to satisfy this burden.

Accordingly, Plaintiff's UCL, FAL, and CLRA causes of action are **DISMISSED**. *Compare Eckler v. Wal-Mart Stores, Inc.*, No. 12-cv-727-LAB-MDD, 2012 WL 5382218, at *7 (S.D. Cal. Nov. 1, 2017) (dismissing plaintiff's complaint as plaintiff provided no factual support other than her own limited pleadings about her experience with the product)*, with Rosales v. FitFlop USA, LLC*, 11-CV-00973 W (WVG), 2012 WL 3224311, at *5 (S.D. Cal. Feb. 8, 2012) (rejecting defendant's claim that plaintiffs fail to state a UCL claim because "[p]laintiffs point to several studies involving toning fitness shoes that support their contention that these shoes have no beneficial effect on exercise, intensity, improved muscle strength, or toning.").[4]

---

[4] The Court notes that Plaintiff opposes Defendant's argument that she must provide scientific evidence to support her claim. (Doc. No. 37 at 27.) The Court agrees with Plaintiff that scientific evidence at the pleadings stage is not required. However, despite this, Plaintiff still fails to meet the threshold pleading requirements for her causes of action grounded in fraud.

### *iii.* <u>Breach of Express Warranty</u>

To prevail on a breach of express warranty claim, a plaintiff must allege that the seller: "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Rodarte v. Philip Morris, Inc.*, No. 03-0353FMC, 2003 WL 23341208, at *7 (C.D. Cal. June 23, 2003). Additionally, a buyer must also plead that notice of the alleged breach was provided to the seller within a reasonable time after discovering the breach. *See Pollard v. Saxe & Yolles Dev. Co.*, 12 Cal. 3d 374, 680 (1974) ("The requirement of notice of breach is . . . designed to allow the defendant opportunity for repairing the defective item, reducing damages, avoiding defective products in the future, and negotiating settlements.").[5]

The parties do not appear to contest that Defendant's statement that SneakPeek is 99% effective in determining gender is a warranty that is an affirmation of fact or promise, or that it is the basis of Plaintiff's bargain. The dispute instead focuses on Defendant's contention that part of its express warranty is that a consumer may receive a full refund if the test result does not match the gender of his or her newborn baby. (Doc. No. 38 at 11.)

As currently pled, Plaintiff's SAC is devoid of any allegations pertaining to what the express warranty of SneakPeek encompassed. For instance, based on the SAC, the Court is unsure of whether Defendant's express warranty included providing a consumer a refund if her test provided an erroneous result. Moreover, Plaintiff does not allege whether or not she requested or received a refund for her allegedly faulty test. Additionally, Plaintiff and Defendant's briefs in support and opposition of the motion further conflate the issue as they disagree over the terms of the express warranty. (*See* Doc. No. 34-1 at 19-20; Doc. No. 37 at 22.) Accordingly, as the Court is unable to determine at this time what the terms

---

[5] The Court takes note that Plaintiff argues that she only need to plead the causes of action for breach of express warranty pursuant to California Civil Jury Instruction 1230. (Doc. No. 37 at 21.) Plaintiff is mistaken. Though the jury instruction may be helpful in understanding the law, it is not law. Thus, the Court declines to use the elements as pled by Plaintiff in her opposition.

11

of the express warranty were, the Court **DISMISSES** Plaintiff's claim for breach of express warranty.

### iv. *Breach of Implied Warranty of Merchantability*

Defendant argues that as there is no privity of contract between Plaintiff and Defendant, Plaintiff's claim for breach of implied warranty of merchantability must be dismissed. (Doc. No. 34-1 at 20.) Plaintiff retorts that her claim falls under an exception to the privity requirement. (Doc. No. 37 at 22.)

A plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant. *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005). A buyer and seller stand in privity if they are in adjoining links of the distribution chain. *Osborne v. Subaru of Am. Inc.*, 198 Cal. App. 3d 646, 656 n.6 (1988). However, some particularized exceptions to this general rule exists. The exception that Plaintiff argues applies is one that arises when a plaintiff relies on written advertisements or labels from the manufacturer. (Doc. No. 37 at 22.)

Unfortunately for Plaintiff, the exception she wishes to use is not applicable to her implied warranty of merchantability cause of action. *See Tapia v. Davol, Inc.*, 116 F. Supp. 3d 1149, 1159 (S.D. Cal. 2015) (noting that the exception where the purchaser of a product relied on representations made by the manufacturer applies to an express warranty claim); *see also Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 696 (1954) ("Another possible exception . . . is found in a few cases where the purchaser of a product relied on representations made by the manufacturer . . . and recovery from the manufacturer was allowed on the theory of express warranty."). Further, Plaintiff's SAC is devoid of any allegations that she and Defendant are in privity. Accordingly, Plaintiff's claim for breach of implied warranty is **DISMISSED**.

### v. *Breach of Implied Warranty of Fitness*

Defendant claims that Plaintiff has failed to identify a "particular purpose" necessary to sustain her claim for breach of implied warranty of fitness. (Doc. No. 34-1 at 21.) Plaintiff opposes Defendant's contentions. (Doc. No. 37 at 23.)

To state a claim for breach of implied warranty of fitness, a plaintiff must allege: "(1) the purchaser at the time of contracting intends to use the goods for a particular purpose, (2) the seller at the time of contracting has reason to know of this particular purpose, (3) the buyer relies on the seller's skill or judgment to select or furnish goods suitable for the particular purpose, and (4) the seller at the time of contracting has reason to know that the buyer is relying on such skill and judgment." *Frenzel*, 76 F. Supp. 3d at 1021. "A particular purpose differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business . . . ." *Am. Suzuki Motor Corp. v. Sup. Ct. of L.A. Cnty.*, 37 Cal. App. 4th 1291, 1295 n.2 (1995).

Based on the allegations in the SAC, the Court finds Plaintiff's alleged particular purpose and the ordinary purpose of the SneekPeek test to be one in the same. The Court notes that Plaintiff asserts in her SAC that she purchased SneakPeek to determine the gender of her baby. (Doc. No. 21 ¶ 11.) Plaintiff's SAC then alleges that SneakPeek is advertised as an early detection gender test. (*Id*. ¶ 9.)[6] The Court finds no material difference between these two purposes. Accordingly, Plaintiff's claim for breach of implied warranty of fitness is **DISMISSED**. *See Smith v. LG Elec. U.S.A., Inc.*, No. C 13-4351 PJH, 2014 WL 989742, at *8 (N.D. Cal. Mar. 11, 2014) ("[P]laintiff has identified no particular purpose for which she purchased the washing machine. She purchased it to wash her laundry, which is the ordinary purpose of the washing machine.") (internal quotation marks omitted). The Court finds that any further amendment of this claim would be futile. Thus, this claim is dismissed **WITH PREJUDICE**. *See Eminence Capital, LLC v. Aspeon,*

---

[6] Plaintiff in her Opposition argues that the ordinary purpose of SneakPeek is that it is a test with the "statistical probability in correctly identifying the gender of a fetus . . . is based on laboratory testing using property collected maternal blood samples." (Doc. No. 37 at 23.) Plaintiff then alleges her particular purpose is using this "at home" gender test based on "promised '99% accuracy' of the 'test' which includes factors such as the portion of the test where the consumer obtains their own blood and sends it in for testing." (*Id*.) The Court finds Plaintiff's argument not only nonsensical but also unintelligible.

13

15cv2945 AJB (WVG)

*Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

       *vi.*    *Fraud*

All claims of fraud must satisfy the heightened pleading standard of FRCP 9(b). Specifically, the party alleging fraud must include the "who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Defendant posits that Plaintiff's claims of fraud are not pled with the particularity required by FRCP 9(b). (Doc. No. 34-1 at 27.) The Court agrees with Defendant.

Under California law, the elements of a fraud claim include: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damages. *Lazar v. Sup. Ct.*, 12 Cal. 4th 631, 638 (1996).

Here, similar to Plaintiff's claims of violations of the UCL, FAL, and CLRA, *supra* pp. 9-10, Plaintiff's SAC also fails to plead her fraud claim with sufficient particularity pursuant to FRCP 9(b). Although Plaintiff alleges that Defendant's advertisements about the accuracy of the test were false, and that Defendant's knew it was false, (Doc. No. 21 ¶ 49, 51), Plaintiff's SAC fails to allege when she saw the allegedly fraudulent advertisements, where she saw them, and under what circumstances. Similarly, Plaintiff fails to provide reproductions of Defendant's advertisements that contain the alleged misrepresentations that serve as the basis of her claim. *See Rosales*, 882 F. Supp. 2d at 1175–76. Furthermore, Plaintiff's SAC is devoid of any facts that demonstrate how Defendant was aware that SneakPeek did not work as advertised, and why and how Plaintiff believes SneakPeek to only be 50% effective. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) ("To avoid dismissal for inadequacy under Rule 9(b)," a "complaint [must] state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.") (internal citation omitted). Consequently, Plaintiff's vague and limited pleadings fail to meet her burden in alleging fraud with particularity and for this reason, this cause of action is **DISMISSED**.

///

///

## V. CONCLUSION

Based on the foregoing, the Court orders as follows:

(1) The Court **DENIES** Defendant's motion to strike Plaintiff's class definition;

(2) **GRANTS** Defendant's motion to dismiss; and

(3) **DENIES WITH PREJUDICE** Plaintiff's cause of action for breach of implied warranty of fitness for a particular purpose.

Plaintiff is granted **fourteen (14) days** from the date of this Order to file a third amended complaint correcting the deficiencies noted herein. Failure to do so will result in the Court dismissing this case with prejudice.

**IT IS SO ORDERED**.

Dated: April 25, 2017

Hon. Anthony J. Battaglia
United States District Judge